# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2014

Lyle W. Cayce
Clerk

No. 13-40939

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EDUARDO RODRIGUEZ-SALAZAR,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, SMITH, and SOUTHWICK, Circuit Judges.

REAVLEY, Circuit Judge:

The sentence of Appellant Rodriguez-Salazar was enhanced because of his prior conviction for the Texas crime of theft, determined by the district judge to be an aggravated felony. Appellant appeals only that sentence enhancement. We hold that the Texas law for theft without effective consent is in the same category as theft without consent, and affirm.

## Background

Appellant Rodriguez pleaded guilty of being an alien present in the United States after deportation and conceded that he had been previously convicted of felony theft under Texas Penal Code § 31.03(a). That Texas theft statute states the offense as the appropriation of property "without the owner's

effective consent." Tex. Penal Code § 31.03(b)(1). And the consent to temporary possession is not effective if it was induced by deception or coercion. The previous section, § 31.02, explains that Section 31.03 supersedes many separate offenses, such as theft, theft by false pretext, acquisition of property by threat, etc.

The district court enhanced the offense points eight points for appellant's sentence because of the conviction for aggravated felony directed by guideline § 2L1.2(b)(1)(C), aggravated felony being defined by the commentary and 8 U.S.C. § 1101(a)(43)(G) as "a theft offense (including receipt of stolen property)."

This court has adopted this further definition: "'theft offense (including receipt of stolen property)' is a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Burke v. Mukasey*, 509 F.3d 695, 697 (5th Cir. 2007) (citations omitted).

Appellant insists that the Texas statute in defining theft to include the taking of property from the owner with consent induced through deception or coercion substantially changes the crime from generic theft that is the taking of property without the owner's consent.

Our task is to determine whether the Texas offense is comparable to and categorically fits within the generic federal definition of the corresponding crime of theft. We must ask if the state would apply its statute to conduct that falls outside the generic definition of theft. *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684-85 (2013).

Clearly the definition of theft we have followed does not limit the crime to consent withheld when a guilty person takes possession of the property from the owner. The withholding of consent is expressly extended to the time the

thief or embezzler exercises control of the property. The owner's consent is comparable whether measured before or after the moment the property is transferred. We see no justification to carry that narrow distinction to change the generic theft crime.

Appellant replies that we are bound by prior precedent holding that generic theft is distinctly different from fraud because generic theft is committed by obtaining property without the victim's consent whereas fraud is committed with the victim's fraudulently obtained consent. The precedent offered is *Martinez v. Mukasey*, 519 F.3d 532 (5th Cir. 2008). The decision there was that the New York conviction for bank fraud was an aggravated felony. The court did say that it would not have been true of a theft crime, but this question of a theft crime was not before the court and is not controlling precedent.

The Texas law that only affects this stage of withheld consent does not deviate from the generic crime of theft. In either case the owner denies consent to the wrongdoer who takes or exercises control of property.

AFFIRMED. The mandate to issue forthwith.

No. 13-40939

SOUTHWICK, Circuit Judge, concurring.

While I agree with the result that the court reaches, I believe, respectfully, that a further explanation is necessary.

In determining the generic, contemporary meaning of an offense, the Supreme Court has suggested courts should consider the Model Penal Code, state codes, and a treatise. *Taylor v. United States*, 495 U.S. 575, 593, 598 & n.8 (1990). For the generic description of theft crimes, the Seventh Circuit used the broad definition in the Model Penal Code, which combines eight different traditional offenses including the use of deception:

> (1) theft by unlawful taking or disposition; (2) theft by deception;
> (3) theft by extortion; (4) theft of property lost, mislaid, or delivered
> by mistake; (5) receiving stolen property; (6) theft of services; (7)
> theft by failure to make required disposition of funds received; and
> (8) unauthorized use of automobiles and other vehicles.

*Hernandez-Mancilla v. I.N.S.*, 246 F.3d 1002, 1009 (7th Cir. 2001) (summarizing MODEL PENAL CODE §§ 223.2–223.9.). Specifically, the Model Penal Code provides that "[a] person is guilty of theft if he purposely obtains property of another by deception." MODEL PENAL CODE § 223.3. The Seventh Circuit also employed Black's Law Dictionary, which includes in its definition of theft the "[o]btaining by deception control over property . . . ." *See Hernandez-Mancilla*, 246 F.3d at 1007 (quoting BLACK'S LAW DICTIONARY 1477 (6th ed. 1990)).

In 2007, we relied on the Seventh Circuit's *Hernandez* opinion when we stated the broad definition quoted in the majority's opinion, namely, that the generic offense of theft is the "taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or

permanent." *Burke v. Mukasey*, 509 F.3d 695, 697 (5th Cir. 2007) (quoting *Hernandez-Mancilla*, 246 F.3d at 1009).

I do not see in our language just quoted from *Burke* the precise answer to the question of whether theft by deception is included within the contemporary, generic meaning of theft. The majority, likely clearer-eyed, does. I find it necessary to return to the analysis in the Seventh Circuit's opinion to show that theft by deception is encompassed within the generic definition of theft.

For these reasons, I agree with the majority that we must reject Rodriguez-Salazar's argument that his conviction under the Texas Penal Code Section 31.03(a) does not qualify as an aggravated felony.