# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20033
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SERGIO ALEJANDRO ALVAREZ-RUIZ, also known as Alejandro Alvarez
Ruiz, also known as Alex Ruiz, also known as Sergio Alejandro Alvarez Ruiz,
also known as Sergio Alejandro Ruiz, also known as Sergio A. Ruiz, also
known as Sergio A. Alvarez, also known as Alejandro Ruiz, also known as
Alejandro Sergio Ruiz, also known as Sergio Alejandro Alvarez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-460-1

Before CLEMENT, HAYNES, and COSTA, Circuit Judges..

PER CURIAM:*

Sergio Alejandro Alvarez-Ruiz appeals his sentence for illegal reentry
after deportation. Alvarez-Ruiz was sentenced to a prison term of 30 months.
That sentence represented the low end of the Guidelines range, which included

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

an eight-level enhancement based on a finding that the deportation followed an aggravated felony conviction. That conviction is a 1993 Texas conviction for theft of an automobile.

Although he did not challenge the classification of his theft conviction in the trial court, Alvarez-Ruiz contends on appeal that because the Texas Penal Code defines "theft" to encompass theft induced by deception,[1] it categorically falls outside the generic definition of theft, which requires taking property without consent.[2] *See Taylor v. United States*, 495 U.S. 575 (1990) (explaining the categorical approach). Alvarez therefore maintains that he should have only received a four-level enhancement for "any other felony" under U.S.S.G. § 2L1.2(b)(1)(D).

We review Alvarez-Ruiz's appeal for plain error because he failed to raise the issue below. *United States v. Hernandez*, 690 F.3d 613, 620 (5th Cir. 2012). But we need not decide the case on that basis because we recently rejected the underlying merits of the argument. In *United States v. Rodriguez-Salazar*, No. 13-40939 (5th Cir. Sept. 30, 2014), we held that the Texas theft statute does qualify as an aggravated felony under the same Guideline applied in this case. In response to the argument that the Texas statute does not require consent because it allows for theft by deception, *Rodriguez-Salazar* explained that "the definition of theft we have followed does not limit the crime to consent withheld when a guilty person takes possession of the property from the owner. The

---

[1] A person commits "theft" in Texas if "he unlawfully appropriates property with intent to deprive the owner of property." Tex. Pen. Code Ann. § 31.03(a). Appropriation is unlawful if "it is without the owner's effective consent," *id.* § 31.03(b)(1), which includes consent "induced by deception or coercion." *Id.* § 31.01(3)(A).

[2] "[T]he modern, generic, and broad definition of the entire phrase 'theft offense (including receipt of stolen property)' is a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Burke v. Mukasey*, 509 F.3d 695, 696 (5th Cir. 2007) (relying on the Seventh Circuit's definition of "theft" in *Hernandez v. I.N.S.*, 246 F.3d 1002, 1009 (7th Cir. 2001)).

No. 14-20033

withholding of consent is expressly extended to the time the thief or embezzler exercises control of the property," during which time no consent exists when the victim transferred the property under fraudulent pretenses.

*Rodriguez-Salazar* controls this case, so Alvarez-Ruiz's sentence is AFFIRMED.