# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20286
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENRIQUE AVELLANEDA-JAIMES, also known as Jaimes Enrique Avellaneda, also known as Enrique Avellaneda Jaimes, also known as Enrique Avellaneda, also known as Enrique Jaimes Avellaneda, also known as Enrique Avella,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-28-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Enrique Avellaneda-Jaimes (Avellaneda) pleaded guilty to illegal reentry following deportation. In determining the sentence, the district court increased Avellaneda's offense level by eight levels, pursuant to U.S.S.G.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20286

§ 2L1.2(b)(1)(C), because he was convicted prior to his deportation of an aggravated felony, that is, the Texas offense of felony theft.

Avellaneda argues that the record does not establish the subsection of Texas's theft statute that he was convicted of violating, and that the state's theft statute encompasses conduct broader than the generic contemporary definition of theft because it criminalizes the appropriation of property that has been induced by fraud or deception. He concedes, however, that this issue is foreclosed by this court's decision in *United States v. Rodriguez-Salazar*, 768 F.3d 437, 438 (5th Cir. 2014), which was decided during the pendency of this appeal, and he states that he wishes to preserve the issue for further review by the Supreme Court.

AFFIRMED.