# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40584
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FATIMA ISABEL LEDEZMA-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-971

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Fatima Isabel Ledezma-Rodriguez was convicted of one count of illegal reentry into the United States and was sentenced to serve 57 months in prison. In this appeal, she raises two challenges to the district court's conclusion that her prior Texas conviction for burglary of a habitation was a crime of violence (COV) for U.S.S.G. § 2L1.2 purposes. As she concedes, these claims are

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reviewed for plain error only due to her failure to raise them in the district court. *See United States v. Garcia-Mendez*, 420 F.3d 454, 456 (5th Cir. 2005).

To demonstrate plain error, Ledezma-Rodriguez must show a forfeited error that is clear or obvious and that affects her substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135.

First, Ledezma-Rodriguez notes that the Texas theft statute encompasses conduct broader than the generic, contemporary definition of theft because this statute includes theft by deception. Because this statute is implicated by her burglary conviction, she argues, her burglary conviction does not amount to a COV. We recently rejected the argument that Texas theft is not equivalent to a generic theft offense due to the theft by deception provision of Texas Penal Code § 31.03(a). *See United States v. Rodriguez-Salazar*, 768 F.3d 437, 438 (5th Cir. 2014). This argument is thus unavailing. *See id.*

Next, Ledezma-Rodriguez argues that the Texas statutory definition of an "owner," which includes a person who has "a greater right to possession of the property than the actor," Texas Penal Code § 30.02(a)(1) broader than the generic, contemporary meaning of the enumerated offense of "burglary of a dwelling." As she concedes, this argument is foreclosed. *See United States v. Morales-Mota*, 704 F.3d 410, 412 (5th Cir.), *cert. denied*, 133 S. Ct. 2374 (2013).

AFFIRMED.