# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20744
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 25, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE DIGNO SANTOS-AVILA, also known as Jose Digna Santos, also known as Juan Francisco Maldonado-Paz, also known as Jose Santos, also known as Jose Digno Santos Avila,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-101-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Digno Santos-Avila (Santos) pleaded guilty to illegal reentry after having been previously deported following an aggravated felony conviction, a violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced him to 36 months of imprisonment and a two-year term of supervised release. He argues that the district court erroneously applied an eight-level offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement under U.S.S.G. § 2L1.2(b)(1)(C) on the ground that his 1998 Texas felony conviction for theft was an aggravated felony under 8 U.S.C. § 1101(a)(43)(G).  Santos asserts that Texas's theft statute encompasses conduct broader than the generic theft offense because the Texas statute defines theft to include the appropriation of property when it is with consent from the owner that has been induced through deception or coercion, and we have defined generic theft as the taking of property without the owner's consent.  He concedes that this issue is foreclosed by our decision *United States v. Rodriguez-Salazar*, 768 F.3d 437, 438 (5th Cir. 2014), in which we held that the Texas theft statute, Texas Penal Code § 31.03, does not deviate from the generic crime of theft.  However, Santos contends that this decision conflicts with our earlier decision in *Martinez v. Mukasey*, 519 F.3d 532, 541-42 (5th Cir. 2008), in which we held that the federal offense of bank fraud does not meet the generic definition of theft.  Therefore, under the rule of orderliness, Santos asserts that *Martinez* provides the governing rule for this matter.  In the alternative, Santos requests an en banc hearing in this matter.

In our decision in *Rodriguez-Salazar*, we specifically addressed any possible conflicts with our earlier decision in *Martinez*.  We reiterated our holding in *Martinez* and emphasized that the question of a charged theft offense was not before the court and therefore, *Martinez* was not controlling precedent.  *Rodriguez-Salazar*, 768 F.3d at 438.  In light of this distinction and our analysis of consent in *Rodriguez-Salazar*, Santos has failed to establish we violated the rule of orderliness by not adhering to our previous holding in *Martinez*.  *See Rodriguez-Salazar*, 768 F.3d at 438.

The judgment of the district court is AFFIRMED.