# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40724
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 4, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODOLFO CARRANSA-VELASQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CR-780

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rodolfo Carransa-Velasquez (Carransa) appeals the 24-month sentence imposed following his guilty plea conviction for illegal reentry. He contends that the district court plainly erred by imposing the eight-level aggravated felony enhancement under U.S.S.G. § 2L1.2(b)(1)(C) based on a finding that his two 1999 Texas felony convictions for theft were aggravated felonies under 8 U.S.C. § 1101(a)(43)(G). Carransa argues that the Texas theft statute

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

encompasses conduct broader than the generic, contemporary definition of theft because it includes theft by deception, which can be committed by the appropriation of property with the owner's consent, and we have defined generic theft as the taking of property without the owner's consent.  He concedes that this issue is foreclosed by *United States v. Rodriguez-Salazar*, 768 F.3d 437, 438 (5th Cir. 2014), in which we held that the Texas theft statute, Texas Penal Code § 31.03, does not deviate from the generic crime of theft.  However, Carransa contends that *Rodriguez-Salazar* conflicts with our earlier decision in *Martinez v. Mukasey*, 519 F.3d 532, 540-41 (5th Cir. 2008), in which we held that the federal bank fraud statute does not meet the generic definition of theft.  He asserts that, under the rule of orderliness, *Martinez* is the governing rule of decision for this issue.  He further maintains the district court's error affected his substantial rights because it resulted in a significantly longer term of imprisonment than he would have received under the correct guidelines range.  In the alternative, Carransa requests an en banc hearing to reconsider the *Rodriguez-Salazar* holding.

Carransa did not object to the district court's imposition of the eight-level aggravated felony enhancement.  Accordingly, as he concedes, our review is for plain error.  *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009).  To establish plain error, Carransa must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See id.* at 135.  If he makes such a showing, we have the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

In *Rodriguez-Salazar*, we specifically addressed any possible conflicts with our earlier decision in *Martinez*.  *Rodriguez-Salazar*, 768 F.3d at 438.  We reiterated our holding in *Martinez* and emphasized that the question of a theft

No. 15-40724

crime was not before this court in that case and, therefore, *Martinez* was not controlling precedent. *Id.* In light of this distinction and our analysis of consent in *Rodriguez-Salazar*, Carransa has failed to show that we violated the rule of orderliness by not adhering to our previous holding in *Martinez*. *See id.* Accordingly, Carransa has not shown plain error. *See Puckett*, 556 U.S. at 134-35.

The Government has moved for summary affirmance. Summary affirmance is not appropriate, and the Government's motion is DENIED. *See United States v. Holy Land Found. for Relief and Dev.*, 445 F.3d 771, 781 (5th Cir. 2006). The Government's alternative motion for an extension of time to file a reply brief is also DENIED. The judgment of the district court is AFFIRMED.