# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20334
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARRY EDGAR DEL ANGEL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-632-1

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Garry Edgar Del Angel (Del Angel) appeals the 23-month sentence imposed following his guilty plea conviction for illegal reentry. He contends that the district court erred by imposing the eight-level aggravated felony enhancement under U.S.S.G. § 2L1.2(b)(1)(C) based on a finding that his 2011 Texas felony convictions for theft were aggravated felonies under 8 U.S.C.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20334

§ 1101(a)(43)(G).  Del Angel argues that the Texas theft statute encompasses conduct broader than the generic, contemporary definition of theft because it includes theft by deception, which can be committed by the appropriation of property with the owner's consent, and we have defined generic theft as the taking of property without the owner's consent.  He concedes that this issue is foreclosed by *United States v. Rodriguez-Salazar*, 768 F.3d 437, 438 (5th Cir. 2014), in which we held that the Texas theft statute, Texas Penal Code § 31.03, does not deviate from the generic crime of theft.  However, Del Angel contends that *Rodriguez-Salazar* conflicts with our earlier decision in *Martinez v. Mukasey*, 519 F.3d 532, 540-41 (5th Cir. 2008), in which we held that the federal bank fraud statute does not meet the generic definition of theft.  He asserts that, under the rule of orderliness, *Martinez* is the governing rule of decision for this issue.  Del Angel further maintains the district court's error was not harmless because the adjusted advisory guidelines range would have been anywhere from two to eight months less than the sentence imposed by the district court.

In *Rodriguez-Salazar*, we specifically addressed any possible conflicts with our earlier decision in *Martinez*.  *Rodriguez-Salazar*, 768 F.3d at 438.  We reiterated our holding in *Martinez* and emphasized that the question of a theft crime was not before this court in that case and, therefore, *Martinez* was not controlling precedent.  *Id.*  In light of this distinction and our analysis of consent in *Rodriguez-Salazar*, Del Angel has failed to show that we violated the rule of orderliness by not adhering to our previous holding in *Martinez. See id.*

The Government has moved for summary affirmance.  Summary affirmance is not appropriate, and the Government's motion is DENIED.  *See United States v. Holy Land Found. for Relief and Dev.*, 445 F.3d 771, 781 (5th

2

No. 15-20334

Cir. 2006). The Government's alternative motion for an extension of time to file a reply brief is also DENIED. The judgment of the district court is AFFIRMED.