# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40524
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR MANUEL BLANCAS-ROSAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-728

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Victor Manuel Blancas-Rosas appeals his conviction and sentence for illegal reentry after deportation. We affirm.

Blancas-Rosas first contends that the district court improperly participated in plea negotiations in violation of Federal Rule of Criminal Procedure 11(c)(1). Even if we assume that the district court's pretrial comments amounted to improper participation, we find that any violation of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40524

Rule 11 was harmless. *See United States v. Davila*, 133 S. Ct. 2139, 2148-50 (2013); *United States v. Crowell*, 60 F.3d 199, 205 (5th Cir. 1995). Blancas-Rosas did not plead guilty, and his trial and sentencing were fair and impartial. *See Crowell*, 60 F.3d at 205.

Blancas-Rosas's other claims concern the application of the Sentencing Guidelines and are reviewed for plain error. *See United States v. Rodriguez-Parra*, 581 F.3d 227, 229 (5th Cir. 2009). To show plain error, he must show a forfeited error that is clear or obvious and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have discretion to correct the error if it seriously affects the integrity, fairness, or public reputation of the judicial proceedings. *See id.* If an alleged legal error is subject to reasonable dispute, it is not clear or obvious. *Rodriguez-Parra*, 581 F.3d at 231.

In his first guideline claim, Blancas-Rosas asserts that an eight-level "aggravated felony" increase was improper because a 2005 Texas conviction was not for a generic theft offense and was therefore not an aggravated felony. We need not examine the 2005 conviction because Blancas-Rosas's two subsequent illegal reentry convictions qualify as aggravated felonies, even though they were based on the 2005 conviction. *See United States v. Gamboa-Garcia*, 620 F.3d 546, 548-49 (5th Cir. 2010); 8 U.S.C. § 1101(a)(43)(O).

In any event, we have previously rejected Blancas-Rosas's argument that the Texas crime of theft is not generic theft. *See United States v. Rodriguez-Salazar*, 768 F.3d 437, 438 (5th Cir. 2014). *Rodriguez-Salazar* is not in conflict with our prior decision in *Martinez v. Mukasey*, 519 F.3d 532 (5th Cir. 2008). *See Rodriguez-Salazar*, 768 F.3d at 438.

In addition, Blancas-Rosas has failed to show that he was entitled to credit for acceptance of responsibility under U.S.S.G. § 3E1.1. Although in

No. 15-40524

some cases, going to trial does not preclude credit for acceptance of responsibility, this is not such a case. *See* § 3E1.1, comment. (n.2). Blancas-Rosas agreed to admit the operative facts only if he could go free, and he presented the factual defense that he was brought into the United States involuntarily. Further, he persistently raised legal arguments that were frivolous and irrelevant. The decision to deny credit for acceptance of responsibility was not without foundation. *See United States v. Rudzavice*, 586 F.3d 310, 315 (5th Cir. 2009).

The judgment is AFFIRMED.