# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41537
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE SOSA-ALCIDES, also known as Jose Alcides-Sosa,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-323-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Sosa-Alcides appeals the 37-month within-guidelines sentence imposed on his guilty plea conviction for illegal reentry after removal. *See* 8 U.S.C. § 1326(a), (b)(2). Finding no error by the district court, we affirm. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The district court properly overruled Sosa-Alcides's sole objection to the calculation of the guidelines sentencing range, which was that it was error to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41537

enhance the base offense level by eight levels under U.S.S.G. § 2L1.2(b)(1)(C) (2015) on the ground that Sosa-Alcides had 2010 and 2012 California felony convictions for receipt of a stolen motor vehicle and that each conviction constituted an aggravated felony conviction under 8 U.S.C. § 1101(a)(43)(G). Sosa-Alcides was sentenced to more than one year in prison on each of those convictions under California Penal Code § 496d(a), which makes it a crime for anyone to buy or receive "any motor vehicle . . . that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained."

As Sosa-Alcides acknowledges, we have held that a conviction under a substantially similar statute, Texas Penal Code § 31.03, constitutes a conviction for an aggravated felony theft under § 1101(a)(43)(G). *See United States v. Rodriguez-Salazar*, 768 F.3d 437, 438 (5th Cir. 2014). Sosa-Alcides suggests, however, that *Martinez v. Mukasey*, 519 F.3d 532, 541 (5th Cir. 2008), controls the disposition of this appeal. He suggests further that his argument is not foreclosed because *Rodriguez-Salazar* did not specifically address § 496d(a), which Sosa-Alcides believes not to fit within the generic crime of theft because the statute criminalizes conduct that may involve the victim's consent.

We conclude that *Rodriguez-Salazar*, 768 F.3d at 437-38, resolves the issue at hand in the Government's favor. In *Rodriguez-Salazar*, we emphasized that the theft question before us, namely, the eight-level offense enhancement for a violation of § 31.03, had not been before us in *Martinez*, which addressed whether a conviction under the federal bank fraud statute qualified as an aggravated felony. *Rodriguez-Salazar*, 768 F.3d at 438.

AFFIRMED.