# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41132
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSSUE AGRUETA-VASQUEZ, also known as Jose Argueta-Vasquez, also known as Jose V. Argueta, also known as Jose Argueta,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-150-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jossue Agrueta-Vasquez appeals his guilty plea conviction for illegal reentry into the United States. He contends that the judgment erroneously indicates that he was convicted and sentenced under 8 U.S.C. § 1326(b)(2), which applies when the defendant was previously removed subsequent to a conviction for an aggravated felony. Although Agrueta-Vasquez has completed his federal sentence and has been deported, his challenge is not moot because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41132

an erroneous conviction under § 1326(b)(2) could have collateral consequences for him, including rendering him permanently inadmissible to the United States. *See United States v. Ovalle-Garcia*, ___ F.3d ___, No. 16-40829, 2017 WL 3391627, 1 (5th Cir. Aug. 8, 2017).

According to Agrueta-Vasquez, the district court erred in determining that his 1996 Virginia conviction for petit larceny constituted an aggravated felony for purposes of § 1326(b)(2) because, unlike the generic definition of theft, larceny in Virginia can be committed based on the acquisition of property through fraudulently obtained consent. Because Agrueta-Vasquez presents this argument for the first time on appeal, plain error review applies. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009).

To satisfy the plain error standard, "the legal error must be clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009). As Agrueta-Vasquez concedes, he cannot demonstrate plain error in light of the decision in *United States v. Rodriguez-Salazar*, 768 F.3d 437, 438 (5th Cir. 2014).

AFFIRMED.