# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41463

United States Court of Appeals
Fifth Circuit

**FILED**

September 27, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HERNAN GOMEZ-VALDIVA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-541-1

Before DAVIS, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:*

Hernan Gomez-Valdiva appeals his eight-level upward adjustment under United States Sentencing Guideline § 2L1.2(b)(1)(C) (2014). He contends that the district court plainly erred by finding that a prior Georgia "theft by taking" conviction constitutes an aggravated felony for § 2L1.2(b)(1)(C) purposes. Because the district court did not err, we AFFIRM the district court's judgement.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41463

## I.

Gomez-Valdiva pleaded guilty to unlawful reentry into the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). In accordance with the Presentence Report ("PSR"), the district court determined Gomez-Valdiva's guildeline range to be 12 to 18 months, based on a criminal history category of I and a total offense level of 13. This offense level also included an eight-level enhancement for a prior "aggravated felony," based on Gomez-Valdiva's 2007 Georgia "theft by taking" conviction. *See* Ga. Code Ann. § 16-8-2. The district court sentenced Gomez-Valdiva to a within-guidelines sentence of 12 months and no term of supervised release. From that sentence, Gomez-Valdiva timely appeals.

## II.

We review a district court's interpretation and application of the United States Sentencing Guidelines *de novo. United States v. Medina-Torres*, 703 F.3d 770, 773 (5th Cir. 2012). Because Gomez-Valdiva failed to object to the PSR before the district court, we review his claim for plain error. *Id.* at 773-74. Under plain-error review, Gomez-Valdiva must demonstrate that: "(1) the district court committed error, (2) the error was plain or obvious, (3) the error affected his substantial rights, and (4) the error 'seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings.'" *See United States v. Williams*, 620 F.3d 483, 493-94 (5th Cir. 2010) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

Gomez-Valdiva contends that the district court erred by finding that his Georgia "theft by taking" conviction was an aggravated felony for U.S.S.G. § 2L1.2(b)(1)(C) purposes. To determine whether the district court erred, we ask "whether the [Georgia] offense is comparable to and categorically fits within the generic federal definition of the corresponding crime of theft." *United States v. Rodriguez-Salazar*, 768 F.3d 437, 438 (5th Cir. 2014). "[A] state offense is a

No. 15-41463

categorical match with a generic federal offense only if a conviction of the state offense necessarily involved . . . facts equating to the generic federal offense." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013).

As previously stated, Gomez-Valdiva was convicted under Ga. Code Ann. § 16-8-2, which states that "[a] person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." The generic definition of theft is "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Rodriguez-Salazar*, 768 F.3d at 438 (quoting *Burke v. Mukasey*, 509 F.3d 695, 697 (5th Cir. 2007)).

In arguing that that Georgia "theft by taking" does not categorically match the generic theft definition, Gomez-Valdiva relies on *Vassell v. U.S. Attorney General*, 839 F.3d 1352 (11th Cir. 2016). In that case, the Eleventh Circuit held that § 16-8-2 does not match the generic theft definition because it does not require that the victim withhold consent, and thus is broader than the generic theft definition, which includes a "without consent" element. *Id.* at 1359-60. The Eleventh Circuit also rejected the government's contention that fraudulently obtained consent could satisfy the "without consent" element, because then "[a]ll fraud could become an exercise of control over[] property without consent' at whatever point the fraudulently obtained consent expires." *Id.* at 1363 (quotation omitted).

However persuasive the Eleventh Circuit's interpretation of Georgia's "theft by taking" statute may be, our decision in *Rodriguez-Salazar*, 768 F.3d at 438, appears to foreclose Gomez-Valdiva's claim of error. In that case, we expressly rejected arguments similar to his regarding whether a Texas theft

No. 15-41463

statute categorically matched the generic theft definition, stating that "the definition of theft we have followed does not limit the crime to consent withheld when a guilty person takes possession of the property from the owner." *Id.* We also rejected that "generic theft is distinctly different from fraud because generic theft is committed by obtaining property without the victim's consent whereas fraud is committed with the victim's fraudulently obtained consent." *Id.* (distinguishing *Martinez v. Mukasey*, 519 F.3d 532 (5th Cir. 2008)). Instead, we stated that generic theft merely requires that "the owner denies consent to the wrongdoer who takes or exercises control of property," regardless of when consent is denied. *Id.*

Because Gomez-Valdiva's claim of error is foreclosed by *Rodriguez-Salazar*, we AFFIRM.